# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JERAD D. RAUSCH,<br><br>                Petitioner,<br><br>v.<br><br>CHERYL EPLETT,<br><br>                Respondent. | Case No. 23-CV-309-JPS<br><br>**ORDER** |

## 1. INTRODUCTION

On March 7, 2023, Petitioner Jerad D. Rausch ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. For the reasons discussed herein, the Court concludes that Ground Two is unexhausted. The Court will therefore defer an analysis and disposition on Ground One and will instruct Petitioner to, within **twenty-one (21) days** of this Order, either (1) appropriately move for a stay and abeyance so that he may attempt to return to the state courts to exhaust Ground Two, or (2) file an amended petition omitting Ground Two.

## 2. BACKGROUND

### 2.1 Charges

Petitioner's § 2254 petition arises out of his criminal proceedings in Calumet County Circuit Court Case No. 2017CF71.[1] ECF No. 1 at 2. In April

---

[1] *See State of Wisconsin v. Jerad D. Rausch,* No. 2017CF000071 (Calumet Cnty. Cir. Ct. 2017), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2017CF000071&countyNo=8&index=0 (last visited Mar. 27, 2024). The docket thereto is hereafter cited to as 2017CF71 Docket.

2017, Petitioner was charged with second degree sexual assault by use of force, strangulation and suffocation, false imprisonment, and battery after Petitioner's ex-girlfriend, Cindy,[2] reported to police that he battered, raped, and strangled her. 2017CF71 Docket; ECF No. 1-4 at 2. Petitioner's relevant counsel for purposes of this petition was retained counsel, Attorney Eric Eickhoff ("Attorney Eickhoff"). 2017CF71 Docket.

## 2.2 The Search and Pre-Trial Challenges

Roughly a month after being charged, police executed a search warrant at Petitioner's residence. ECF No. 1-4 at 3. The warrant authorized the seizure of, inter alia, any cell phones in Petitioner's possession. *Id.* Investigators seized two cell phones in the search, both of which were passcode protected. *Id.* Rausch was present at the time of the search and provided the passcode to both devices. *Id.* Police made forensic copies of the phone data, which data included incriminating text messages between Petitioner and Cindy that were later used at trial. *Id.*

In September 2017, Petitioner entered a plea of not guilty. ECF No. 1 at 2; 2017CF71 Docket. In December 2017, Attorney Eickhoff unsuccessfully moved to "exclude photos of alleged text messages." 2017CF71 Docket. He also unsuccessfully moved for an in camera inspection of Cindy's counseling records on the ground that they went to her credibility. ECF No. 1-4 at 3.

## 2.3 Trial and Postconviction Proceedings

Petitioner's jury trial began in January 2018. 2017CF71 Docket. The jury found Petitioner guilty on all counts. *Id.* Following sentencing,

---

[2]The Wisconsin Court of Appeals, in its order affirming the judgment and conviction, refers to the victim by a pseudonym, Cindy. ECF No. 1-4 at 2 n.1. For consistency, the Court does the same.

Petitioner moved for a new trial, arguing, inter alia, that Attorney Eickhoff was constitutionally ineffective for failing to challenge the admissibility of the evidence derived from the May 2017 search. ECF No. 1-4 at 3–4 ("Specifically, [Petitioner] asserted [that] the cell phone evidence was obtained in violation of his right to counsel . . . ."); ECF No. 11-1.

The circuit court denied the motion, concluding that Petitioner had "provided the passcode unprompted in response to a comment" made between investigators about the phones being passcode-protected. ECF No. 1-4 at 4. "Because the passcodes were not derived from uncounseled questioning," the circuit court concluded that there was no Sixth Amendment right to counsel violation and, therefore, Attorney Eickhoff was not constitutionally ineffective for failing to challenge the admissibility of the cell phone evidence on that basis. *Id.*

In response to this ruling, Petitioner filed a supplemental postconviction motion arguing that the circuit court's factual finding that the investigators were merely commenting amongst themselves about the passcodes was inconsistent with a sentence in one of the investigator's police reports regarding the search. *Id.* The sentence in the police report read: "Special Inv. . . . then stated to [Petitioner], 'Well, there's a passcode on the phone.'" *Id.* at 12. The circuit court held an evidentiary hearing; it found the officers credible and found Petitioner not credible. *Id.* at 13, 11 n.8. The circuit court ultimately concluded that the sentence in the report was inaccurate and that the investigator had, in fact, directed the comment to his fellow investigator, not to Petitioner. *Id.* at 4.

The Court of Appeals affirmed. It conceded that it was "undisputed that at the time of the search . . . , [Petitioner] had been charged, invoked his right to counsel, and obtained an attorney," such that his right to counsel

had attached. *Id*. at 10. "[T]he pertinent inquiry here," the court wrote, "is whether [Petitioner] disclosed the cell phone passcode in response to questioning by the officials executing the search warrant." *Id.* at 11.

The Court of Appeals recounted the relevant events, as found by the circuit court. One of the investigators informed his co-investigator that "there was a passcode on the phone . . . ." *Id.* at 12. This surprised the co-investigator since he had earlier been able to place the phone in airplane mode. *Id*. at 11. That co-investigator turned to Petitioner and asked him whether the phone was passcode protected. *Id.* at 12. Petitioner responded in the negative, at which point the investigator turned to the co-investigator and said, "[w]ell[,] there is a pass code on the phone." *Id.* The circuit court "specifically found this was a statement directed at [the co-investigator], and not a question posed to [Petitioner]." *Id.* The circuit court then found that Petitioner, unprompted, stated that if there was a passcode, it was probably 544544. *Id.* The Wisconsin Court of Appeals concluded that Petitioner had "not met his burden of establishing [that] the circuit court erred" in making these factual findings. *Id.* at 13–14 ("[W]e have no basis to second-guess the court's credibility determination on this record . . . . Given the circuit court's factual findings here, we conclude that [the investigators] did not deliberately elicit the phone passcodes from [Petitioner].").

Petitioner, through post-conviction counsel, petitioned the Wisconsin Supreme Court for review. ECF No. 8-4. The petition states that "[t]he question presented for review is whether the investigators' questions violated [Petitioner's] Sixth Amendment right to counsel." *Id.* at 5. The petition at no point references the right to effective assistance of counsel. In September 2022, the Wisconsin Supreme Court denied the petition without opinion. ECF No. 1-5.

Page 4 of 14
Case 2:23-cv-00309-JPS    Filed 03/27/24    Page 4 of 14    Document 23

In March 2023, Petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. He therein raises two grounds for relief: first, that investigators violated his Sixth Amendment right to counsel by questioning him about the existence of passcodes on the cell phones after he had already been charged, appeared in court, and obtained legal representation ("Ground One"); second, that Petitioner's Sixth Amendment right to effective assistance of counsel was violated when Attorney Eickhoff failed to raise or argue investigators' above-discussed alleged violation of Petitioner's Sixth Amendment right to counsel ("Ground Two").

3. **LAW AND ANALYSIS**[3]

In Ground Two, Petitioner contends that his Sixth Amendment right to effective assistance of counsel was violated when Attorney Eickhoff failed to raise or argue investigators' above-discussed alleged violation of Petitioner's Sixth Amendment right to counsel. Said otherwise, Petitioner asserts in Ground Two that Attorney Eickhoff was constitutionally ineffective for failing to move to suppress the fruits of investigators' interaction with Petitioner about the existence of passcodes on the cell phones (*i.e.*, the incriminating text messages) on the ground that the interaction violated Petitioner's Sixth Amendment right to counsel.

Respondent argues that Ground Two is subject to dismissal because Petitioner failed to properly raise it before the Wisconsin Supreme Court. ECF No. 19 at 2. In response, Petitioner contends that he fairly presented Ground One to the Wisconsin Supreme Court notwithstanding his failures

---

[3] As noted *supra* Section 1, the Court concludes that Ground Two is unexhausted and therefore defers analysis and disposition of Ground One.

to use the word "ineffective" or cite to *Strickland v. Washington*, 466 U.S. 668 (1984) in his petition for review. ECF No. 22 at 4–5. For the reasons discussed herein, the Court concludes that Petitioner failed to fairly present his ineffective assistance of counsel claim to the Wisconsin Supreme Court. Accordingly, Ground Two is unexhausted.

A district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) (citing *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1131–32 (7th Cir. 1990)). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). "A federal habeas corpus petitioner has 'fairly presented' a claim to a state court if he has clearly informed the state court of the factual basis of that claim and has argued to the state court that those facts constituted a violation of the petitioner's federal constitution rights" "such that 'the state court was sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve the issue on that basis.'" *Toney v. Franzen*, 687 F.2d 1016, 1021 (7th Cir. 1982) (citing *Klein v. Harris*, 667 F.2d 274, 282 (2d Cir. 1981) and *Moore v. Duckworth*, 581 F.2d 639, 642–45 (7th Cir. 19978), *aff'd*, 443 U.S. 713 (1979)); *Hicks v. Hepp*, 871 F.3d 513, 530 (7th Cir. 2017) (quoting *McDowell v. Lemke*, 737 F.3d 476, 482 (7th Cir. 2013)). "This analysis typically focuses on four factors":

> (1) whether the habeas petitioner relied on federal cases that engage in constitutional analysis, (2) whether the petitioner relied on state cases that apply constitutional analysis to similar facts, (3) whether the petitioner framed the claims in terms so particular as to call to mind a specific constitutional

> right, and (4) whether the petition alleges a pattern of facts
> with the mainstream of constitutional litigation.

*McDowell,* 737 F.3d at 482 (citing *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001)).

General appeals before the state courts to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion. *Gray v. Netherland*, 518 U.S. 152, 162 (1996). However, it is sufficient for exhaustion purposes if the "'substantial equivalent' or 'substance' of the federal habeas corpus claim has been presented." *Toney*, 687 F.2d at 1022 (citing *Picard*, 404 U.S. at 275). "Concerns of federal-state comity, however, favor a cautious application of this test." *Id.* (citing *Johnson v. Metz*, 609 F.2d 1052, 1054 (2d Cir. 1979)).

Petitioner's petition to the Wisconsin Supreme Court makes no mention whatsoever of a defendant's right to effective assistance of counsel as a general matter, let alone to Petitioner's own individual right to effective assistance of counsel. It cites neither to *Strickland* nor to any other relevant case, state or federal, for an ineffective-assistance-of-counsel-related proposition. *See Baldwin v. Reese*, 541 U.S. 27, 33 (2004) ("The petition provides no citation of any case that might have alerted the court to the federal ineffective assistance of counsel claim."). And even if Petitioner had cited *Strickland*, that still wouldn't have been enough; he needed to further describe "*how* his counsel failed him in order to alert the . . . judge . . . of the specific grounds for relief under § 2254." *McGhee v. Watson*, 900 F.3d 849, 853 (7th Cir. 2018) ("Simply citing *Strickland* is not enough.").

The petition framed the issue for review as one purely of whether investigators violated Petitioner's Sixth Amendment right to counsel when they interacted with him regarding the cell phones' passcodes. The

petition's recitation of the underlying facts supports that conclusion; it did not discuss Attorney Eickhoff's litigation efforts or lack thereof, apart from noting for purposes of the Sixth Amendment right to counsel analysis that Attorney Eickhoff was, in fact, representing Petitioner by the time investigators searched Petitioner's residence. *See Baldwin*, 541 U.S. at 33 ("[T]he petition does not even contain a factual description supporting the" ineffective assistance of counsel claim) (citing *Gray*, 518 U.S. at 163 and *Duncan v. Henry*, 513 U.S. 364, 366 (1995)). The petition did not allege any prejudice to Petitioner on the part of Attorney Eickhoff. It did not recount that the lower courts had addressed any ineffective assistance of counsel claim at all; but even if it had, this too would have been, on its own, insufficient since habeas does not require that state supreme court justices "*must* read the lower court opinions" to discover the federal claim. *Baldwin*, 541 U.S. at 31; *see also Promotor v. Pollard,* 628 F.3d 878, 889 (7th Cir. 2010) ("Appending a prior court's decision without developing an independent position does not allow meaningful review of the substance of the claims.").

Petitioner argues that his presentation of the Sixth Amendment right to counsel issue relating to investigators' interaction with Petitioner at the time of the search suffices for exhaustion of the ineffective assistance of counsel claim because presentation of the former issue was a "necessary predicate" for presentation of the latter. ECF No. 22 at 5. This is so, Petitioner's argument goes, because Attorney Eickhoff could not be deemed ineffective for failing to move to suppress based on an alleged Sixth Amendment violation if there was not, in fact, a Sixth Amendment violation. *Id.* at 3 ("[T]he primary issue . . . was whether investigators' questioning violated [Petitioner's] Sixth Amendment right to counsel . . . . A secondary issue to the primary issue was whether trial counsel was

Page 8 of 14
Case 2:23-cv-00309-JPS    Filed 03/27/24    Page 8 of 14    Document 23

ineffective for failing to bring a motion to suppress the fruits of the improper questioning."). But this argument fails because "an assertion that one's counsel was ineffective for failing to pursue particular constitutional issues is a claim separate and independent of those issues." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). Certainly the Sixth Amendment right to counsel issue was a predicate of the ineffective assistance of counsel issue in the sense that Attorney Eickhoff could not be deemed constitutionally ineffective for failing to bring a motion to suppress that was not likely to be meritorious. But that predicate issue of whether the underlying substantive constitutional violation in fact occurred, or at least arguably occurred, is only part of what is relevant and necessary to demonstrate ineffective assistance of counsel.

As the State noted in its response to the petition to the Wisconsin Supreme Court, "[Petitioner] presents his Sixth Amendment claim as if it were before this Court on the merits," notwithstanding that Petitioner had raised it to the lower courts "as an ineffective assistance of counsel claim." ECF No. 8-4 at 24 n.2. For that reason, the State, presumably in an exercise of thoroughness and in an abundance of caution, analyzed the ineffective assistance of counsel issue that Petitioner himself failed to raise. *Id.* at 28. But the State's unilateral analysis of the ineffective assistance of counsel issue in its response is insufficient for Petitioner's exhaustion purposes. That the ground for relief sought to be reviewed is conceivably discernable from other portions of the record is insufficient—the petitioner himself must present it to the court. *See McGhee*, 900 F.3d at 854.

If Petitioner had proceeded pro se before the state courts, his petition would be entitled to a liberal construction. *McDowell*, 737 F.3d at 482 (citing *Ward v. Jenkins*, 613 F.3d 692, 697 (7th Cir. 2010)). But he did not; he was

represented by postconviction counsel, and so his petition receives no such liberal construction. This further supports the conclusion that Petitioner failed to fairly present his ineffective assistance of counsel claim to the Wisconsin Supreme Court.

For all these reasons, the Court concludes that Petitioner failed to fairly present Ground Two to the Wisconsin Supreme Court for a ruling on its merits. Ground Two is therefore unexhausted and cannot, at least at this juncture, be reviewed on its merits by this Court.

It is true that in some instances in which the petitioner has failed to exhaust his state remedies, his petition may be "dismissed without prejudice so that he may . . . be given the proper opportunity to address the claim in the first instance." *United States ex rel. James v. O'Leary*, No. 89 C 7916, 1990 U.S. Dist. LEXIS 7265, at *9 (N.D. Ill. June 13, 1990). This is only so, however, "[w]here state remedies remain available to" the petitioner. *Perruquet*, 390 F.3d at 514; *see also O'Leary*, 1990 U.S. Dist. LEXIS 7265, at *10 (if "it is clear that it would be futile to send the petitioner back to state court via a failure to exhaust because [the state court] would simply find the claim to have been procedurally defaulted," then "the federal court will generally apply the state procedural default rule itself and dismiss the petition with prejudice") (citing *Harris v. Reed*, 489 U.S. 255, 1046–47 (1989) (O'Connor, J., concurring)). If the petitioner's opportunity to raise an unexhausted ground for relief in state court has passed, then the petitioner has procedurally defaulted that claim. *Perruquet*, 390 F.3d at 514.

Respondent asserts that Wisconsin courts would deem Ground Two "procedurally barred because [Petitioner] could not start the process of presenting the claim through another round of review in the state courts after already presenting it in the trial court and court of appeals." ECF No.

Page 10 of 14
Case 2:23-cv-00309-JPS    Filed 03/27/24    Page 10 of 14    Document 23

19 at 13 (citing *State v. Witkowski*, 473 N.W.2d 512, 514 (Wis. Ct. App. 1991)). But it is not clear to the Court that this is necessarily so.

"After a conviction in a Wisconsin trial court, a defendant's first avenue of relief is a postconviction motion under [Wis. Stat.] § 974.02." *Page v. Frank*, 343 F.3d 901, 905 (7th Cir. 2003). "The defendant must alert the trial court that a postconviction motion is coming by filing, within twenty days of sentencing, a notice of intent to pursue postconviction relief." *Carter v. Buesgen*, 10 F.4th 715, 717 (7th Cir. 2021) (citing Wis. Stat. § 809.30(2)(b)). Petitioner appears to have done so. 2017CF71 Docket (notice of intent to pursue post-conviction relief docketed April 2, 2018 following March 16, 2018 sentencing). "The motion, like the original notice of intent, must be filed in the trial court." *Carter*, 10 F.4th at 717. "This requirement affords the trial court . . . an opportunity to consider any appellate challenge in the first instance." *Id.* It "operates as a prerequisite to accessing the state's direct appeal process." *Id.* at 718 (citing *Morales v. Boatwright*, 580 F.3d 653, 656 (7th Cir. 2009) and *Page*, 343 F.3d at 906).

An ineffective assistance of counsel claim "must first be brought in a § 974.02 motion," or else it is deemed waived on appeal. *Page*, 343 F.3d at 906 (citing *State v. Waites*, 462 N.W.2d 206, 213 (Wis. 1990); *State ex rel. Rothering v. McCaughtry*, 556 N.W.2d 136, 137 (Wis. Ct. App. 1996); and *State v. Hayes*, 481 N.W.2d 699, 700 (Wis. Ct. App. 1992)). Thereafter, once the time for moving "under § 972.02 and for taking the subsequent direct appeal have expired, the defendant has the option of seeking a collateral attack on the judgment under Wis. Stat. § 974.06." *Page*, 343 F.3d at 906; *Carter*, 10 F.4th at 718 ("Down the road, after 'the time for appeal or postconviction remedy provided in § 974.02 has expired,' the defendant may collaterally attack his sentence.") (citing Wis. Stat. § 974.06(1)).

From what the Court can discern from the 2017CF71 Docket, as well as from Petitioner's representation that he filed no "other state petitions, applications, or motions concerning" his conviction, ECF No. 1 at 4, Petitioner could still hypothetically, at the very least, attempt to exhaust Ground Two through the filing of a § 974.06 motion. Such a motion can be "made at any time." § 974.06(2). Whether such an attempt at collateral state postconviction relief has any likelihood of being meritorious is unclear; the Court makes no comment on that question. In other words, it is not obvious that it would be futile, or that the state courts would certainly find the claim procedurally defaulted. *See O'Leary*, 1990 U.S. Dist. LEXIS 7265, at *10 (citing *Harris*, 489 U.S. at 1046–47).

In the absence of that clarity, the Court concludes that Ground Two is unexhausted, but it declines to decide with any certainty at this juncture whether it is also procedurally defaulted. Petitioner is therefore left with two options: first, he may move the Court for a stay and abeyance to allow him to attempt to go back before the state courts to properly exhaust Ground Two; alternatively, he may conclude that the former option is unlikely to be meritorious and he may instead file an amended petition that omits Ground Two and proffers only Ground One. In any event, the Court cannot adjudicate a mixed petition—one containing both exhausted and unexhausted grounds for relief. *Lisle v. Pierce*, 832 F.3d 778, 785 (7th Cir. 2016) ("[T]he presence of even one unexhausted claim in a federal petition can prevent a federal court from reviewing the petition, even as to exhausted claims.") (citing *Rhines v. Weber*, 544 U.S. 269, 275 (2005) and *Rose v. Lundy*, 455 U.S. 509, 522 (1982)); *Rhines*, 544 U.S. at 275–76 (under "the 'stay-and-abeyance' procedure, . . . rather than dismiss the mixed petition . . . , a district court might stay the petition and hold it in abeyance

while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court").

It is not entirely clear at this juncture whether the former option is appropriate. "[S]tay and abeyance should be available only in limited circumstances." *Rhines*, 544 U.S. at 277. It is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id*. "[I]f the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics," then "the district court should stay . . . ." *Id.* at 278 (citing *Lundy*, 455 U.S. at 522). Should Petitioner elect to seek a stay and abeyance, therefore, he must convince the Court that such a course of action would be appropriate and not an abuse of the Court's discretion.

4. **CONCLUSION**

Having concluded that Ground Two is unexhausted but having declined to determine definitively whether it is procedurally defaulted, the Court defers analysis and disposition on Ground One and instructs Petitioner that he must, within **twenty-one (21) days** of this Order, either (1) appropriately move for a stay and abeyance for purposes of attempting to exhaust Ground Two, or (2) file an amended petition omitting Ground Two.

Accordingly,

**IT IS ORDERED** that Petitioner Jerad. D. Rausch shall, within **twenty-one (21) days** of this Order, either (1) appropriately move for a stay

and abeyance, or (2) file an amended petition omitting Ground Two, as discussed herein.

Dated at Milwaukee, Wisconsin, this 27th day of March, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge