UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERAD D. RAUSCH,

            Petitioner,

v.

BRIAN CAHAK,[1]

            Respondent.

Case No. 23-CV-309-JPS

**ORDER**

**1.    INTRODUCTION AND BACKGROUND**

In March 2023, Petitioner Jerad D. Rausch ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 through counsel, Attorney Craig Powell ("Attorney Powell"), who also represented Petitioner on appeal before the state courts. ECF No. 1. Respondent answered the petition in May 2023, and the parties submitted briefing over the ensuing months. ECF Nos. 8, 13, 19, 22.

In March 2024, the Court concluded that the second of Petitioner's two grounds for relief ("Ground Two"), which was grounded in an alleged violation of Petitioner's right to effective assistance of trial counsel, was unexhausted because it had not been fairly presented to the Wisconsin Supreme Court. ECF No. 23 at 1, 5. Petitioner's petition for review from the

---

[1] Petitioner is currently incarcerated at Oshkosh Correctional Institution. Wisconsin Offender Locator, https://appsdoc.wi.gov/lop/welcome (last visited Aug. 5, 2025). The warden of that institution is Brian Cahak. The Court will accordingly order the Clerk of Court to replace Chery Eplett with Brian Cahak as Respondent in this matter. Rule 2(a) of Rules Governing Section 2254 Cases in the United States District Courts.

Wisconsin Supreme Court stated that "[t]he question presented for review is whether the investigators' questions violated [Petitioner's] Sixth Amendment right to counsel [("Ground One")]." *Id.* at 4 (quoting ECF No. 8-4 at 5). The petition did not reference or discuss the right to effective assistance of counsel. *Id.* at 4. It made "no mention . . . of a defendant's right to effective assistance of counsel as a general matter, let alone to Petitioner's own individual right to effective assistance of counsel." *Id.* at 7. "It cites neither to *Strickland* [*v. Washington*, 466 U.S. 668 (1984)] nor to any other relevant case, state or federal, for an ineffective-assistance-of-counsel-related proposition." *Id.* (citing *Baldwin v. Reese*, 541 U.S. 27, 33 (2004)). Accordingly, the Court deemed Ground Two unexhausted, making the petition a "mixed" one and precluding the Court's review of its merits. *Id.* at 10, 12–13 (citing *Lisle v. Pierce*, 832 F.3d 778, 785 (7th Cir. 2016) and *Rhines v. Weber*, 544 U.S. 269, 275–76 (2005)).

The Court next evaluated whether Ground Two was, in addition to being unexhausted, procedurally defaulted. *Id.* at 10 ("If the petitioner's opportunity to raise an unexhausted ground for relief in state court has passed, then the petitioner has procedurally defaulted that claim." (citing *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004))). "From what the Court can discern," it wrote, "Petitioner could . . . hypothetically . . . attempt to exhaust Ground Two through the filing of a [WIS. STAT.] § 974.06 motion," which motion can be "made at any time." *Id.* at 12 (quoting WIS. STAT. § 974.06(2)). Accordingly, the Court declined to definitively conclude at that juncture that Ground Two was procedurally defaulted in addition to being unexhausted. *Id.*

That left Petitioner with two options. First, he could move the Court for a stay and abeyance to attempt to go back before the state courts to

properly exhaust Ground Two. *Id.* Alternatively, he could file an amended petition omitting Ground Two. *Id*. "It is not entirely clear at this juncture whether the former option is appropriate," the Court noted. *Id.* at 13 (citing *Rhines*, 544 U.S. at 277). "Should Petitioner elect to seek a stay and abeyance, therefore, he must convince the Court that such a course of action would be appropriate . . . ." *Id.*

Petitioner elected to seek a stay and abeyance. ECF No. 25. The Court granted his motion and stayed the case "pending Petitioner's return to state court to exhaust Ground Two." ECF No. 28 at 9. In February 2025, Petitioner, through counsel, filed a petition for a writ of habeas corpus (the "*Schmelzer* petition") to the Wisconsin Supreme Court. *See* ECF Nos. 31, 36-1 (citing *State ex rel. Schmelzer v. Murphy*, 548 N.W.2d 45 (Wis. 1996)). Petitioner explicitly requested permission from the Wisconsin Supreme Court to "fil[e] . . . a revised petition for review that specifically identifies the ineffective assistance of counsel claim." ECF No. 36-1 at 2–3, 7. "Regardless of whether [the Wisconsin Supreme Court] would then grant or deny the revised petition," Petitioner further wrote, "the *Strickland* claim [Ground Two] will be exhausted and the federal habeas court will . . . consider [Petitioner's] pending federal habeas petition on the merits." *Id.* at 13.

In April 2025, the Wisconsin Supreme Court denied, ex parte and without opinion, the petition. ECF No. 37-2. Respondent now moves to dismiss the petition on procedural default grounds. ECF No. 34. For the reasons discussed herein, the Court will grant the motion.

Page 3 of 11
Case 2:23-cv-00309-JPS   Filed 08/05/25   Page 3 of 11   Document 39

## 2. LAW AND ANALYSIS

### 2.1 Ground Two

Respondent argues that now that the Wisconsin Supreme Court has denied Petitioner's *Schmelzer* petition, Ground Two is "definitively defaulted," since Petitioner was "unsuccessful in his attempt to obtain leave to file an amended petition for review" in which he could include Ground Two. ECF No. 36 at 6, 7.

In response, Petitioner contends that he fairly presented Ground Two to the Wisconsin Supreme Court via his *Schmelzer* petition such that it, like Ground One, is exhausted and can be considered on its merits. ECF No. 37 at 3–4. According to Petitioner, "[b]ecause [his] *Schmelzer* petition gave the Wisconsin Supreme Court a fair opportunity to act on [Ground Two], that claim is not procedurally defaulted and this Court can proceed to evaluate [Petitioner's] entire petition on the merits." *Id.* at 9.

On reply, Respondent asserts that Petitioner is mistaken in "believ[ing] that this Court must treat the Wisconsin Supreme Court's denial of his *Schmelzer* petition asking to file an amended petition for review as the equivalent of a denial of a timely filed petition for review that actually did include the omitted claim of ineffective assistance of trial counsel." ECF No. 38 at 1–2; *id.* at 2–3 ("State habeas remedies through a . . . Schmelzer petition[] do not correct a failure to exhaust claims on direct appeal *unless the petition is granted.*"). According to Respondent, "Wisconsin's appellate review process requires defendants to exhaust challenges to their conviction in an initial postconviction motion, if applicable, or on direct appeal, . . . and [in] a petition for discretionary review in the Wisconsin Supreme Court," and Petitioner was ultimately unsuccessful in his recent attempt at including Ground Two in an

amended petition for discretionary review. *Id.* at 2 (citing *Garcia v. Cromwell*, 28 F.4th 764, 767 (7th Cir. 2022) and *Moore v. Casperson*, 345 F.3d 474, 485–86 (7th Cir. 2003)). Given the denial of his *Schmelzer* petition, "[Petitioner] has not remedied—and can no longer remedy—his failure in state court to exhaust" Ground Two. *Id.* at 3.

The Court agrees with Respondent. It is undisputed that Petitioner originally failed to include Ground Two in his petition for discretionary review by the Wisconsin Supreme Court. Via his *Schmelzer* petition, Petitioner sought leave from the Wisconsin Supreme Court to "fil[e] . . . a revised petition for review" that would include Ground Two after his original petition for review omitted it. ECF No. 36-1 at 7. The Wisconsin Supreme Court denied that request. ECF No. 37-2.

As Respondent notes, courts typically "consider[] a claim exhausted if a petitioner presents it through one 'complete round of the State's established appellate review process,'" and that "includes presenting [the] claim to the state's highest court *in a petition for discretionary review*." *Grady v. Cooper*, 511 F. Supp. 3d 918, 929 (E.D. Wis. 2021) (emphasis added) (quoting *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) and citing *Hicks v. Hepp*, 871 F.3d 513, 530 (7th Cir. 2017)). Petitioner's *Schmelzer* petition acknowledged this. ECF No. 36-1 at 14 ("Allowing [Petitioner] to file a revised petition that includes [Ground Two] . . . is necessary to allow [him] to . . . obtain federal habeas review . . . .").

The Wisconsin Supreme Court denied Petitioner leave to take another stab at "presenting [the] claim to the state's highest court in a petition for discretionary review." *Grady*, 511 F. Supp. 3d at 930 (citing *Hicks*, 871 F.3d at 530). Petitioner himself concedes that "[t]he *Schmelzer* petition was the only available process by which" he could seek to

accomplish this. ECF No. 37 at 5. In other words, there is "no longer any state corrective process available to him" to present Ground Two to the Wisconsin Court of Appeals in a petition for discretionary review. *Perruquet*, 390 F.3d at 514. That being the case, "it is not the exhaustion doctrine that stands in the path to habeas relief, . . . but rather the separate but related doctrine of procedural default." *Id.* (citing 28 U.S.C. § 2254(b)(1)(B)(i)); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (noting that when a petitioner fails to present his claim in a petition for discretionary review to the state's highest court and the option to file such a petition is "no longer available," the claim is procedurally defaulted (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991) and *Engle v. Isaac*, 456 U.S. 107, 125–26 & n.28 (1982))). In light of the foregoing, the Court must conclude that Petitioner has procedurally defaulted on Ground Two.

"A federal court . . . may excuse a procedural default if a petitioner can show either cause for the default and prejudice arising from failure to review the claim[], or that failure to review the claim[] on procedural default grounds would result in a fundamental miscarriage of justice." *Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002) (citing *Howard v. O'Sullivan*, 185 F.3d 721, 726 (7th Cir. 1999)). But Petitioner, confronted with Respondent's motion to dismiss for procedural default (which explicitly acknowledged the two limited circumstances in which a court can consider the merits of an otherwise procedurally defaulted claim, ECF No. 36 at 8 (citing *Perruquet*, 390 F.3d at 514), has not argued that either of those circumstances are present. *See generally* ECF No. 37; *see also* ECF No. 38 at 4. Any such argument is accordingly waived. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (citing *Everroad v. Scott Truck Sys., Inc.*, 604 F.3d 471, 480 (7th Cir. 2010) and *Taubenfeld v. AON Corp.*, 415 F.3d 597, 599

(7th Cir. 2005)); *Amaya v. Jones*, No. 24-cv-3828, 2025 U.S. Dist. LEXIS 107837, at *5 n.4 (N.D. Ill. June 6, 2025) (citing *Sroga v. Rendered Servs., Inc.*, No. 19-CV-2299, 2019 U.S. Dist. LEXIS 201378, at *2 (N.D. Ill. Nov. 20, 2019)).

**2.2   Ground One**

Having concluded that a merits review of Ground Two is precluded by procedural default, the Court must address the remaining matter of Ground One. Respondent's motion seeks dismissal of the petition as a whole, not merely Ground Two. ECF No. 34 at 1 ("Motion to Dismiss Petition for a Writ of Habeas Corpus"). Respondent argues that Ground One—which challenged investigators' actions as violative of Petitioner's Sixth Amendment right to counsel—"was not timely raised in the state trial court," "was therefore forfeited," and accordingly was "presentable on appeal only as a claim of ineffective assistance of counsel." ECF No. 36 at 2 n.2 (citing *Carprue v. Kingston*, No. 05-CV-503, 2006 U.S. Dist. LEXIS 30474, at *17–18 (E.D. Wis. May 15, 2006)). Petitioner's *Schmelzer* petition acknowledged this: "Because [Ground One] was not raised by trial counsel, it was waived and could only be considered through a *Strickland* claim. . . . If the *Strickland* claim is not presented in the habeas petition as a procedural vehicle for [Ground One], it appears that the federal habeas court will be unable to consider the merits of [Ground One]." ECF No. 36-1 at 13. Petitioner's response to the motion to dismiss does not address this potential issue with Ground One. *See generally* ECF No. 37.

The Court agrees with Respondent. To the extent that the state courts addressed any alleged violation of Petitioner's Sixth Amendment right to counsel, they did so solely within the framework of an ineffective assistance of counsel claim. *See* ECF No. 8-9 at 6–7 (clarifying that the issue underlying

postconviction motion related to trial counsel's "failure to . . . bring the Sixth Amendment right to counsel claim"); *id.* at 29 (examination of trial counsel) (Q: "Did you consider . . . whether you should bring . . . a Sixth Amendment challenge, that those officers' actions violated [Petitioner's] right to counsel?" A: I never considered it, no." . . . Q: "[Y]ou didn't file a motion on that topic, correct?" A: "I did not, no."). To the extent that the trial judge concluded at the postconviction motion hearing that there "[wa]s no Sixth Amendment violation," he did so within the broader ineffective assistance of counsel analysis. ECF No. 8-10 at 62–64 ("I'll find that [trial counsel] was not ineffective and that his representation did not fall below an objective standard of reasonableness. And that will be my finding on the Sixth Amendment issue."). The same was true at the appellate level. ECF No. 1-4 at 10–15 ("[Petitioner] first argues his attorney should have challenged the cell phone evidence as being obtained in violation of his right to counsel under the state and federal constitutions.").

"[I]ssues not raised in the trial court are deemed waived." *Carprue*, 2006 U.S. Dist. LEXIS 30474, at *17 (citing *Apex Elecs. Corp. v. Gee*, 577 N.W.2d 23, 26 (Wis. 1998); *Ollinger v. Grall*, 258 N.W.2d 693, 699 (Wis. 1977); and *Frankovis v. State*, 287 N.W.2d 791, 796 (Wis. 1980)). In such a case, the court "addresse[s] [the petitioner's] claim[] of error in the rubric of ineffective assistance of counsel for failing to object . . . ." *Id.* at *18 (citation omitted). The underlying claim of error, having been deemed waived, is procedurally defaulted. *Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2009) ("'A finding of waiver by the state postconviction court is enough to establish an adequate and independent state ground.' . . . Such claims are commonly referred to as being procedurally defaulted." (quoting *Sturgeon v. Chandler*, 552 F.3d 604, 611 (7th Cir. 2009) then citing *Johnson v. Loftus*, 518

F.3d 453, 455 (7th Cir. 2008))); *see also Johnson v. Foster*, 786 F.3d 501, 504–05 (7th Cir. 2015) ("When a state court resolves a federal claim by relying on a state law ground that is both independent of the federal question and adequate to support the judgment, federal habeas review of the claim is foreclosed." (quoting *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014))); *cf. Aguallo v. Atchison*, No. 12 C 48, 2013 U.S. Dist. LEXIS 160942, at *26 (N.D. Ill. Nov. 12, 2013) ("[P]lain error review of an issue does not, as a general rule, constitute consideration of that issue on the merits for purposes of habeas corpus review. The Seventh Circuit has 'repeatedly explained that where a state court reviews the claim for plain error as the result of a state procedural bar such as the . . . doctrine of waiver, that limited review does not constitute a decision on the merits.'" (quoting *Gray v. Hardy*, 598 F.3d 324, 329 (7th Cir. 2010) and citing *Thomas v. Gilmore*, 144 F.3d 513, 518 (7th Cir. 1998))). Such is the case here with any underlying Sixth Amendment right to counsel claim.

Petitioner does not attempt to argue any basis by which the Court could set aside the procedural default to review the merits of Ground One. Accordingly, as with Ground Two, the Court must conclude that it is procedurally defaulted.

3.  **CONCLUSION**

Both grounds for relief set forth in Petitioner's petition for a writ of habeas corpus are procedurally defaulted, and Petitioner has not attempted to argue that he has cause for and prejudice from the default or that a miscarriage of justice will occur if the Court does not consider the claims on their merits. Accordingly, the Court must deny the petition and dismiss this case.

Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), a petitioner must make a "substantial showing of the denial of a constitutional right." A petitioner does this by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No reasonable jurists could debate whether the claims set forth in the petition are procedurally defaulted. The Court must, therefore, deny Petitioner a certificate of appealability.

Accordingly,

**IT IS ORDERED** that the Clerk of Court shall replace Cheryl Eplett with Brian Cahak as Respondent in this matter;

**IT IS FURTHER ORDERED** that Respondent's motion to dismiss, ECF No. 34, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 5th day of August, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.